SCOTT ERIK ASPHAUG, OSB #833674
United States Attorney
District of Oregon
GREGORY R. NYHUS, OSB # 91384
Assistant United States Attorney
greg.r.nyhus@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| | **3:21-CR-00087-001-HZ** |
| v. | |
| **DARBY MARSHALL HOWARD,** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **Defendant.** | |

A sentence of time served is appropriate in this matter and is consistent with an advisory guideline range of 0-6 months and the requirements of 18 U.S.C. § 3553(a).

## I.    CRIME OF CONVICTION

A.    Crime of Conviction

*Charges*

The defendant is charged with a two-count Indictment alleging violations of 18 U.S.C. § 1361.  Pursuant to the terms of a plea agreement, he is expected to plead guilty to Count 2, which

**Government's Sentencing Memorandum** **Page 1**

Revised February 2021

charges that on or about March 11, 2021, in the District of Oregon, the defendant willfully damaged and destroyed, or attempted to damage and destroy, property owned by the United States, that is, the second most northern most plate glass office window on the west side of the Mark O. Hatfield United States Courthouse, which value exceeds $1,000; in violation of 18 U.S.C. § 1361.

The government has agreed to dismiss Count 1 at sentencing and has agreed not bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

*Penalties*

A violation of Title 18 U.S.C. § 1361 is punishable by a maximum of ten years in prison, a fine of up to $250,000, a three-year term of supervised release and a $100 fee assessment.

B.     Offense Conduct

On the early evening of March 11, 2021, video surveillance of the southwest corner of the Mark O. Hatfield United States Courthouse was actively recording a civil disturbance in the area of 3rd Avenue and Main, in Portland, Oregon.  Video recorded an individual, later identified as the defendant, swing a "Lime" scooter against the second most northern plate glass office window on the west side of the courthouse, which were windows to the Government Services Administration offices in the courthouse. The window did not break.  The value of the window exceeded $1,000.

///

///

**Government's Sentencing Memorandum**                                                    **Page 2**

## II.    GUIDELINES APPLICATION

### A.    Standards

The sentencing guidelines are advisory and one of the statutory factors this Court must consider when imposing a sentence. *See* 18 U.S.C. §3553(a)(4); *United States v. Rita*, 551 U.S. 338, 347-48 (2007). They serve as "the starting point and the initial benchmark" in every sentencing proceeding, *Gall v. United States*, 552 U.S. 38, 49 (2007), and "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Rita*, 551 U.S. at 350. The guidelines serve as a "lodestar" at sentencing, and "cabin" or "anchor" a sentencing court's discretion. *Peugh v. United States*, ___ U.S. ___, 2013 WL 2459523, *9-10 (2013). While advisory, the Supreme Court has observed that, "[c]ommon sense indicates that in general, this system will steer district courts to more within-guidelines sentences." *Id.*

The remaining statutory factors include the defendant's history and characteristics, the nature and seriousness of the offense, the need to provide just punishment and adequate deterrence, the need to promote respect for the law, and the need to protect the public from further crimes committed by the defendant. 18 U.S.C. §§3553(a)(1)-(2). They also include "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6), and, where applicable, the need to provide restitution to any victims of the offense. 18 U.S.C. §3553(a)(7). *See also Rita*, 551 U.S. at 347-48 (enumerating the statutory sentencing factors); *Gall*, 552 U.S. at 50, n.6 (same).

In *United States v. Carty*, 520 F.3d 984 (9th Cir. 2008), the Ninth Circuit, sitting *en banc*, summarized the procedures a sentencing court must follow. The court must first correctly determine the applicable guideline range. *Id.* at 991. The court must also allow the parties to

**Government's Sentencing Memorandum**                                    **Page 3**

"argue for a sentence they believe is appropriate," and must "consider the §3553(a) factors to decide if they support the sentence suggested by the parties." *Id.* The court may not presume the guidelines are reasonable, and should not give them any more or any less weight than any other factor. *Id.* The court "must make an individualized determination based on the facts," and must explain its choice of sentence "sufficiently to permit meaningful appellate review." *Id.* at 991-92.

B.    Guidelines Application

1.    Pursuant to U.S.S.G.§ 2B1.1(a)(2), the base offense level is 6;

2.    The agreement provided that there are no additional specific offense characteristics, however, the government notes that Probation added two levels pursuant to §2B1.1(b)(1)(B) because the loss was between $6,500 and $15,000 (which the government does not disagree with but notes that the difference is immaterial to the advisory range));

3.    There is no agreement concerning defendant's criminal history calculation.  The parties anticipate that defendant's criminal history category "I" but recognize that this is an estimate only.

4.    Following reductions for acceptance of responsibility government will argue that the total offense level is 6, yielding an advisory guideline range of 0-6 months. The government will recommend the low end of the guideline range so long as defendant continues to accept responsibility.

///

///

**Government's Sentencing Memorandum**                                          **Page 4**

**III.    DEPARTURES AND ADJUSTMENTS**

    A.    Acceptance of Responsibility

Defendant's timely plea of guilty demonstrates that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case.  Defendant is entitled to a two-level reduction in his offense guideline.

    B.    Additional Adjustments

There are no additional grounds for adjustment.

**IV.    CONCLUSION**

The total offense level is 6, yielding an advisory guideline range of 0-6 months.  The government will recommend the low end of the guideline range, or "time served," so long as defendant continues to accept responsibility.

Dated: March 8, 2022.          Respectfully submitted,

          SCOTT ERIK ASPHAUG
          United States Attorney


          */s/ Gregory R. Nyhus*
          GREGORY R. NYHUS, OSB # 91384
          Assistant United States Attorney