C. Renée Manes
Assistant Federal Public Defender
Email: renee_manes@fd.org
101 SW Main Street, Suite 1700
Portland, OR 97204
Tel: (503) 326-2123
Fax: (503) 326-5524

Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 3:21-cr-00087-HZ |
| Plaintiff, | |
| vs. | **DEFENDANT'S SENTENCING MEMORANDUM** |
| **DARBY MARSHALL HOWARD,** | |
| Defendant. | |

## INTRODUCTION

Defendant Darby Howard, through his attorney, C. Renée Manes, presents the following sentencing memorandum. In brief, Mr. Howard concurs with the recommendation for time served both from the government and from the PreSentence Report (PSR). Mr. Howard believes that such a sentence is a reasonable and appropriate sentence under all of the factors set forth in 18 U.S.C. § 3553(a) for his offense conduct in this matter.

**DEFENDANT'S SENTENCING MEMORANDUM**

## DEFENSE SENTENCING STATEMENT

In early March 2021, Mr. Howard arrived in Portland, Oregon, after previously living in the Montana area. Early in the day on March 11, 2021, Mr. Howard participated in a protest at the Wells Fargo Tower. The PSR makes allegations regarding Mr. Howard's conduct during that protest in paragraph 22. Mr. Howard has contested the allegations in that matter, and specifically any allegation that he assaulted an officer, in proceedings in the Multnomah County Circuit Court. Those proceedings are also nearing resolution. Mr. Howard and his attorney here understand from Mr. Howard's state counsel that the matter will be resolved as either a misdemeanor or for a civil compromise very soon.

Mr. Howard was arrested at that protest and booked in the Multnomah County Detention Center. Mr. Howard was released from MCDC later that night. At that time a protest was already underway just across the street at the federal courthouse, and Mr. Howard was released into the middle of that protest.

The government has provided many videos from different angles of the protest around the courthouse that night. Most of the protestors are seen wearing all black, while Mr. Howard is seen wearing tan pans, a gray shirt, and orange shoes, making him clearly identifiable. On the videos, Mr. Howard is also seen undertaking various actions with regard to two windows on the west side of the courthouse. While the Indictment and PSR calls them the most northerly windows, that may be because the windows further to the north are boarded up. The windows are actually the first windows on the west side of the courthouse

DEFENDANT'S SENTENCING MEMORANDUM

as one approaches from the south of the building, the direction of MCDC. In discovery provided by the government, the windows are in the "Looking Glass Conference Room."

When the videos begin, the more northerly of the two windows is already broken, with two long pieces of wood, that appear to be two-by-fours, sticking through the window; the window has a large hole and is cracked throughout. At around the 7:35 mark on the video, Mr. Howard is seen using a scooter to further break the glass in that window. Then, around the 9:30 mark, Mr. Howard uses a scooter to hit the second window – the more southerly of the two – but it does not break. Mr. Howard then leaves the window area and is seen talking to a gentleman in a wheel chair while walking northward on Third Avenue. About a minute later, a black-clad individual is seen hitting the more southerly window, and it cracks throughout. The video evidence clearly shows that Mr. Howard is standing in Third Avenue at that time, and did not break the second window nor even talk with the person who did break the window.

Mr. Howard was arrested and admitted his conduct when talking to the law enforcement agents. Mr. Howard was charged with violating 18 U.S.C. § 1361, which provides:

> Whoever willfully injures or commits any depredation against any property of the United States, or of any department or agency thereof, or any property which has been or is being manufactured or constructed for the United States, or any department or agency thereof, or attempts to commit any of the foregoing offenses, shall be punished as follows:
>
> If the damage or attempted damage to such property exceeds the sum of $1,000, by a fine under this title or imprisonment for not more than ten years, or both; if the damage or attempted damage to such property does not

DEFENDANT'S SENTENCING MEMORANDUM

exceed the sum of $1,000, by a fine under this title or by imprisonment for not more than one year, or both.

One critical point is that this statute reads in the disjunctive – damaged **or** attempts to damage – while the Indictment charged the crimes in the conjunctive, damaged **and** attempts to damage. (Clerk's Record entry 7.) There is considerable case law holding that the change from the disjunctive to the conjunctive in an Indictment is not a fatal defect, and if the matter had proceeded to trial the jury would have been instructed on the language of the statute, not the Indictment. *See, e.g., United States v. Bettencourt*, 614 F.2d 214 (9th Cir. 1980). The language of Mr. Howard's plea agreement and plea petition clearly reflects the disjunctive language of the statute.

By his conduct, Mr. Howard actually damaged property of the government that was worthless by further breaking the already broken window that was more to the north[1]. Under the statute, that conduct would be a misdemeanor. However, Mr. Howard did attempt to break the unbroken, more southerly window, and that window does have a value that exceeds $1,000.00, so that crime is a felony.

## CONCLUSION

Mr. Howard's conduct is a serious destruction of property, and he has never denied his culpability. Mr. Howard is accepting responsibility and is pleading guilty to the crime he has committed. Mr. Howard has already spent a little less than a month in custody while in

---

[1] Counsel for Mr. Howard had previously requested a value for the window as broken, and no valuation was provided. The only value is for an unbroken window.

**DEFENDANT'S SENTENCING MEMORANDUM**

pretrial detention. The Advisory Guideline recommendation for his conduct as reflected in the Plea Agreement is 0-6 months, and therefore a sentence of time served is appropriate,[2] along with a period of supervision. Mr. Howard also notes that as this is his first felony conviction, in addition to the time served and supervision he will now have all of the collateral consequences associated with being a convicted felon. Mr. Howard believes that all of the infringements on his liberty are a sanction that is appropriate, without being harsher than necessary, under the factors set forth in 18 U.S.C. § 3553(a).

We look forward to addressing these issues with the Court at the time of Mr. Howard's plea and sentencing.

RESPECTFULLY SUBMITTED this 9th day of March, 2022.

 /s/ C. Renée Manes
C. Renée Manes
Attorney for Defendant

---

[2] Mr. Howard acknowledges that the PSR has suggested an enhancement for loss, although it still computes an Advisory Guideline range of 0-6 months. Mr. Howard objects to inclusion of a loss adjustment for reasons to be discussed at sentencing.